CASE No. 875.

STATE v. WASHINGTON.

1. Alleged insufficiency of proof in a criminal case cannot be considered by this court.
2. The certainty of an indictment for murder is not affected by the omission of the word "wound" where it should first occur in the sentence charging the prisoner with giving to the deceased "one mortal, of the length of one-eighth of an inch, and of the depth of one inch, of which said mortal wound" the deceased died. *State* v. *Schroder, Riley* 65; 3 *Hill* 61, approved.
3. Incompetent testimony, not objected to at the time, becomes competent for that case.
4. In a murder case it was properly left to the jury to determine whether the dying declarations of the deceased were statements of fact, or expressions of opinion, and what weight should be given to such testimony.

Before FRASER, J., Charleston, June, 1879.

To the statement of the case as given in the opinion of the court, it is only necessary to add that the indictment was in the usual form charging a murder committed with a gun, but in the following description, the word "wound," in brackets, was omitted:

"One mortal [wound] of the length of one-eighth of an inch, and of the depth of one inch, of which said mortal wound," &c. There was only one count in the indictment.

*Mr. W. S. Montieth*, for appellant, cited *Wharton's Law of Homicide*, §§ 835, 844; *Archb. Cr. Pl. & Pr.*, tit. *"Indictment."*

*Mr. Solicitor Jervey*, contra.

Testimony not questioned as to competency at trial, cannot be objected to on appeal. 12 *Abb.* 227; 3 *S. C.* 448; 7 *S. C.* 290; 4 *Strob.* 58. The judgment cannot be arrested for insufficiency of proof. 1 *S. C.* 1. As to the dying declarations, see 15 *Rich.* 342. The indictment is sufficiently certain. 4 *Bl. Com.* 306; 1 *Chitty on Cr. Law*, 138; 2 *Bail.* 69; 1 *T. R.* 69; 5 *East* 260; 1 *Green's Cr. R.* 406; *Riley* 65; 5 *T. R.* 317; 3 *McC.* 190.

May 10th, 1880. The opinion of the court was delivered by

McGOWAN, A. J. On the night of September 11th, 1877, Allen Collins, sitting in his own house near the Ten Mile Hill, in Charleston county, was shot in the leg by some unknown person who was outside of the house, but so near that powder was found on the side of the door and cloth wadding in the wound. The deceased, was, that night, carried to the Roper Hospital, in Charleston, where he received every attention, but his leg had to be amputated, gangrene followed, and he died on the 23d of the same month. The prisoner, Daniel Washington *alias* Charles Jamison, was charged with shooting the deceased, and convicted of murder. His counsel made motions before the Circuit judge in arrest of judgment and for a new trial, and failing therein, appealed to this court to reverse the order refusing his motions. The case was called at the last term of this

court, but the attorney of the prisoner was not present. By the rule of court, the appeal might have been dismissed, but the case being a serious one, involving life, the court appointed a competent member of the Richland bar to take charge of the defence, which he kindly consented to do, and has conducted the defence earnestly and faithfully without the hope of reward. The attorney in charge procured copies of the evidence and the judge's charge taken by the official stenographer, and reformed the exceptions taken below so as to enable the court to under-stand them. Objection is made that " additional exceptions can-not be now presented to this court as grounds in arrest of judg-ment and for a new trial which were not presented in the court below during trial, nor raised on hearing of motion in arrest of judgment and for a new trial." It is true that a motion in arrest of judgment cannot be made originally in this court. It must first be made to the Circuit judge, and can only come here on appeal from his order, (*State* v. *Rankin,* 3 *S. C.* 447,) but the record shows that motion was made before the Circuit judge and refused. The case, then, is before the court, and we are at liberty to consider any question which may arise out of the record. As was said in the case of *State* v. *McNinch,* 12 *S. C.* 89 : " This court is bound in a capital case to take notice in behalf of the accused of any error apparent upon the record by which the prisoner has been deprived of any of the substantial means of enjoying a fair and impartial trial." This is also a capital case. The prisoner is poor—without the means to print a brief or to employ counsel, and his regular attorney is not present. Certainly these are circumstances which appeal strongly for every indulgence which is allowable under the law.

The exceptions, as remodeled, are the following :

1. " Because his Honor erred when he permitted the witness, Theodore. G. Boag, to state the declarations of the deceased made to him in conversation before he was shot and in the absence of the defendant.

2. " Because his Honor erred when he permitted the so-called dying declarations of Collins to go to the jury, it being apparent that they were mere opinion and not statements of facts made from his own knowledge.

3. " Because his Honor erred when he admitted in evidence the record book of the hospital, and permitted a third party to read entries therein to the jury.

4. " Because his Honor erred when he assumed as a fact, conceded by the prisoner and the state, and so stated to the jury, that this was either a case of murder or nothing.

5. " Because his Honor erred when he overruled the motion for new trial and in arrest of judgment for want of certainty in the indictment.

6. " Because the said motion should have been granted and said indictment quashed, the word ' wound ' omitted being fatal to it.

7. " Because the testimony does not support the conviction, it being a matter of grave doubt from what cause death ensued. It is apparent he was neglected by the physicians—Dr. Porcher testifying that on his departure he left deceased in charge of Dr. Michel, and Dr. Michel testifying that he only saw the patient after *death.*"

The last exception does not charge error of law, but alleged insufficiency of proof. That was properly submitted to the Circuit judge upon a motion for a new trial, but cannot be considered here. By the constitution this is not an appellate tribunal in such cases as this, but a court constituted " for the correction of errors at law." It may, however, be proper to say that the whole of the testimony taken together shows plainly that the reporter made a mistake when Dr. Michel was represented as saying that " he did not see the deceased until *after death.*" In his testimony further on he says : " I think Dr. Porcher performed the amputation ; I was called in afterwards." And in his cross-examination, he says : " I did not see the patient until *after amputation.*"

The *fifth and sixth exceptions* relate to the alleged uncertainty in the indictment in omitting at one place the word " *wound.*" The certainty required in an indictment is well expressed in the case of *State* v. *Schroder, Riley* 65 ; *same case,* 3 *Hill* 61 : " The general rule in framing an indictment is that the offence should be so described that the defendant may know how to answer it, the court, what judgment to pronounce, and that a

conviction or acquital on it may be pleaded in bar to any subsequent or other indictment for the same offence." Tested by this rule the indictment is sufficiently certain. The omission to insert at one place in the indictment the word "wound" does not affect its plain meaning. The context makes it clear that it was a mere omission to fill a blank in an unimportant part. The whole clause in which the omission occurs might be struck out as surplusage without, in the least, obscuring the meaning. The object as the clause in which the omission occurs was to describe, by length and breadth, *the wound,* which had been both before and after distinctly alleged, which was unnecessary. We find no error in these exceptions. *State* v . *Coleman,* 8 *S. C.* 237 ; *State* v. *Wimberly,* 3 *McC.* 190.

The *fourth exception* is clearly founded on a misconception. A careful reading of the judge's charge will show that he affirmed nothing, but referred to a fact which was not disputed, when, in the commencement and by way of introduction to the issues to be considered, he said : " I think it seems to be admitted on both sides that this is either a case of murder or nothing."

The *third exception* charges error of law by admitting in evidence " the record books of the hospital." If this evidence was entitled to any weight, it was in favor of the defendant, and was not only not excepted to at the trial, but after it came out the defendant's attorney moved " to strike out all the medical testimony, *except the record just read by Dr. Rhett.* Incompetent testimony, not objected to at the proper time, becomes, for that case, competent. Any other rule would enable parties to prepare beforehand for a case in the Supreme Court and continue litigation indefinitely. As was said in the case of *Burris* v. *Whitner,* 3 *S. C.* 512 : " The time to object to incompetent testimony is when it is offered. It would be unfair to allow a party to postpone his objection until after the testimony has been given, for in that case he would be enabled to retain the evidence if it inured to his advantage, and to exclude it if it made against him. Such speculative advantages are discountenanced by the courts." The same may be said as to the irrelevant testimony of Theodore G. Boag, detailing a conversation with deceased before he was shot, upon the subject of horse thieves and detectives. The tes-

timony was irrelevant and could have been excluded at the moment by objection.

The only other objection is to the admissibility of the statement of the deceased as dying declarations, on the ground that it was merely the expression of opinion. It does not appear that the admissibility of this testimony was made a ground of objection at the trial, and this objection was not included in the first exceptions filed. But it appears in the record, and we have considered it. Theodore G. Boag testified as follows: "I think it was on the 23d of the same month—Sunday morning—that Collins said, '*I am going to die, and Daniel Washington killed me.*' On Monday morning he was a dead man." To the question whether Collins was aware of his condition, he replied, "Yes; he fainted immediately after he said Washington shot him." Under the authority of the case of *State* v. *Quick,* 15 *Rich.* 342, in which the declaration under very similar circumstances was, "Leggett Quick killed me," it was properly left to the jury to determine what weight should be given to the declaration soberly made *in extremis:* "I am going to die, and Daniel Washington killed me." The whole of the judge's charge is before us, and we think he announced the law correctly when he said, "the dying declarations of a person who has been wounded are competent upon a trial for murder. The reason of it is that the dying person is supposed to be under the same solemn sense of obligation to speak the truth as when under oath. You are not bound to believe a dying declaration, however, because it was made. Mr. Boag, the witness for the state, said when first spoken to the deceased said that he thought the prisoner was the same man who shot him; and just before his death he said positively that Washington had killed him. Now you must be certain whether the deceased was speaking of facts which he knew or of conclusions which he had drawn. It is for you to consider that testimony just as it is, and give it its proper weight, whatever that may be."

We have not been able to discover any error of law charged in the exceptions.

The motions in arrest of judgment and for a new trial are refused and the appeal dismissed.

The case must, therefore, be remanded to the Circuit Court for the purpose of enabling that court to assign a new day for the execution of the sentence heretofore imposed.

WILLARD, C. J., and McIVER, A. J., concurred.